**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FREDERICK MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UTICA FIRST INSURANCE COMPANY,<br><br>Defendant. | No. 2:26-CV-2798 |

**COMPLAINT**

Plaintiff Frederick Mutual Insurance Company ("Frederick Mutual") brings this action against Utica First Insurance Company ("Utica First") seeking a declaratory judgment and equitable subrogation. In support of its claims, Frederick Mutual alleges as follows:

**Nature of the Action**

1.      This is an action to obtain a judicial determination and declaration pursuant to 28 U.S.C. §§ 2201 and 2202 regarding the parties' rights and obligations under insurance policies issued by Utica First and Frederick Mutual with respect to an underlying lawsuit filed by Susan Bowen ("Bowen") against Pasquale Latini ("Pasquale"), Karen Latini ("Karen"), Gregory Latini ("Gregory"), Heather Pacheco ("Pacheco"), and Latini Property Services Inc. ("LPS"), in the Court of Common Pleas of Philadelphia County, Pennsylvania at docket number 231003206 (the "Underlying Action"). (A copy of Bowen's Complaint in the Underlying Action is attached hereto as **Exhibit A**.)

2.     Frederick Mutual also seeks in this action recovery by way of equitable subrogation from Utica First the amounts paid by Frederick Mutual to defend and settle the Underlying Action on behalf of Gregory and LPS, which should have been paid by Utica First.

3.     Frederick Mutual paid $51,917.38 to defend Gregory and LPS, and an additional confidential amount in excess of $150,000.00 to settle the Underlying Action on behalf of Gregory and LPS.

4.     Utica First issued a General Liability Policy to LPS that was in full force and effect at the time of the incident with coverage limits of $1,000,000 (the "Utica First Policy"). (Copies of the declarations pages of the Utica First Policies, as defined below, are attached hereto collectively as **Exhibit B**.)

5.     Utica First also issued a Commercial Umbrella/Excess Liability Policy to LPS that was in full force and effect at the time of the incident with coverage limits of $1,000,000 (the "Utica First Umbrella Policy"; the Utica Policy and Utica First Umbrella Policy will be collectively referred to as the "Utica First Policies" where appropriate). (*See* **Exhibit B**.)

## Parties

6.     Frederick Mutual is an insurance company incorporated under the laws of Maryland and has its principal place of business located at 57 Thomas Johnson Drive Frederick, MD 21702-4301.

7.     Utica First is an insurance company incorporated under the laws of New York and has its principal place of business located at 5981 Airport Rd, Oriskany, NY 13424.

## Jurisdiction and Venue

8.     This Court has authority to declare the rights of the parties under 28 U.S.C. §§ 2201 and 2022.

9.	This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1), and complete diversity exists among the parties, and the amount in controversy exceeds $75,000.00.

10.	Venue is proper in the Eastern District of Pennsylvania as the events giving rise to Frederick Mutual's claims occurred in this district, and the defendant named herein is subject to personal jurisdiction within this District. *See* 28 U.S.C. §1391(b).

## Facts

11.	On or about October 30, 2023, Bowen initiated the Underlying Action by filing a Complaint in the Court of Common Pleas of Philadelphia County, for injuries she sustained as a result of a dog bite on or about September 17, 2023. (See generally **Exhibit A**.)

12.	Gregory and LPS were named defendants in the Underlying Action.

13.	Frederick Mutual issued a Businessowners insurance policy (the "Frederick Mutual Policy," a copy of which is attached as **Exhibit C**) to LPS that was in full force and effect at all relevant times.

14.	The Frederick Mutual Policy defined an insured as:

**C. Who Is An Insured**

**1.** If you are designated in the Declarations as

\*		\*		\*

**d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insured, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

(*See* **Exhibit C** at Form BP 00 03 07 13, at 45.)

15.	Gregory was at all relevant times an executive officer and/or director of LPS.

16.     Accordingly, Gregory is an insured under the Frederick Mutual Policy for purposes of the Underlying Action.

17.     On or about January 4, 2024, Frederick Mutual advised Gregory and LPS it would provide for their defense subject to a reservation of rights. (A copy of Frederick Mutual's Reservation of Rights letter to Gregory and LPS is attached hereto as **Exhibit D**.)

18.     Upon information and belief, on or about February 24, 2025, LPS learned from their insurance agent that LPS had one or more active insurance policies with Utica First.

19.     Upon information and belief, on or about the same date, LPS, through its counsel in the Underlying Action, contacted Utica First, requesting Utica First provide for the defense and indemnification of its insureds pursuant to the Utica First Policies.

20.     Upon information and belief, when LPS's underlying defense counsel contacted Utica First, they advised Utica First of a time-sensitive settlement demand made by Bowen for $2,500,000.00, and that failure to agree to the demand by March 10, 2025, would result in the demand increasing to $5,000,000.00.

21.     Upon information and belief, shortly thereafter, Joseph Aguirre, an agent of Utica First contacted LPS to discuss the matter.

22.     On or about February 25, 2025, for the first time, Frederick Mutual was informed of the existence of the Utica First Policies.

23.     Upon information and belief, the Utica First Policy defined "insured" as follows, in relevant part:

> **8.** "Insured" means:
>
> *     *     *
>
> **d.** "you" and all of "your" executive officers and directors, but only while acting within the scope of their duties if shown on the

"declarations" as an organization (other than a partnership, joint venture or limited liability company).

24. Upon information and belief, after LPS, through its defense counsel, provided notice to Utica First of the claim and time-sensitive demand, Utica First failed to investigate the claim. or take any necessary action on behalf of its insureds.

25. In fact, upon information and belief, LPS's defense counsel had to contact Utica First on March 4, 2025, to demand Utica First provide a letter of acknowledgment in reference to the claim submitted to Utica First on February 24, 2025.

26. Upon information and belief, Utica First would not have acknowledged the claim, to the detriment of its insureds (Gregory and LPS) absent the specific demand from LPS's defense counsel that it do so.

27. Upon information and belief, on March 10, 2025, Utica First provided a letter acknowledging the claim (a copy of which is attached as **Exhibit E**), and demanded the up-to-date discovery conducted in the Underlying Action.

28. Upon information and belief, on March 14, 2025, Gregory and LPS's defense counsel provided the requested written discovery and deposition transcripts to Utica First.

29. Upon information and belief, on April 8, 2025, Gregory and LPS's defense counsel contacted Utica First to obtain Utica First's coverage position for the defense and indemnification of Gregory and LPS.

30. Upon information and belief, Utica First did not respond to its insureds or their defense counsel, despite Utica First's knowledge that the failure to communicate with its insured would cause its insured significant harm.

5

31.    On April 29, 2025, Frederick Mutual contacted Utica First to obtain Utica First's coverage position regarding LPS's request for a defense and indemnification and to inform Utica First that the $2,500,000.00 demand was still open but set to expire on May 9, 2025.

32.    Utica First did not respond to either Frederick Mutual or Gregory and LPS's defense counsel's communications.

33.    On May 5, 2025, four days before Plaintiff's demand was set to increase to $5,000,000, Frederick Mutual again contacted Utica First to obtain Utica First's coverage position and remind Utica First of the approaching demand deadline.

34.    Utica First continued to ignore Frederick Mutual and Gregory and LPS's defense counsel.

35.    On May 7, 2025, Gregory and LPS reached a confidential settlement with Bowen to release Gregory and LPS with prejudice from the Underlying Action.

36.    The settlement amount was in excess of $150,000.00 and was paid by Frederick Mutual on behalf of Gregory and LPS.

37.    By funding the settlement of the Underlying Action on behalf of Gregory and LPS, Frederick Mutual protected the interests of its—and Utica First's—insureds.

38.    The settlement of the Underlying Action reflects LPS, Gregory, and Frederick Mutual's good-faith assessment of the alleged damages, alleged liability, and imminent increase in potential exposure to Gregory and LPS if the Underlying Action was not settled.

39.    After Frederick Mutual settled the matter on behalf of Gregory and LPS, Utica First finally contacted Frederick Mutual on May 20, 2025.

40.     On June 26, 2025, after Frederick Mutual paid the settlement on behalf of its insureds, Utica First informed Frederick Mutual that Utica First was disclaiming coverage because Utica was not given timely notice of the lawsuit, which allegedly prejudiced Utica First.

41.     On July 25, 2025, Utica sent a formal disclaimer of coverage letter (a copy of which is attached as **Exhibit F**) to Gregory and LPS.

42.     To disclaim coverage based on late notice, an insurer must show not only that notice was provided late, but also that it suffered actual prejudice to its position—meaning "disadvantageous, substantive results." *Dundon v. Ace Prop. & Cas. Ins. Co.*, No. 24-4221, 2026 WL 374433, 2026 U.S. Dist. LEXIS 27567, at \*34–35 (E.D. Pa. Feb. 10, 2026) (citing *Brakeman v. Potomac Ins. Co.*, 371 A.2d 193, 197, 198 (Pa. 1977); *Trs. of Univ. of Pa. v. Lexington Ins. Co.*, 815 F.2d 890, 896, 898 (3d Cir. 1987)).

43.     Utica First was not actually prejudiced by any purported late notice of the Underlying Action, as any late notice did not proximately cause Utica First damage or lead to a loss of a likelihood of success in defending liability or damages. *See Dundon*, 2026 U.S. Dist. LEXIS 27567, at \*37 (quoting *Trs. of Univ. of Pa.*, 815 F.2d at 898).

44.     Frederick Mutual fully and effectively defended Gregory and LPS in the Underlying Action, and funded a settlement in the insureds' interest based on a reasonable, good-faith evaluation of the facts developed through discovery and the potential exposure based on those facts.

45.     Therefore, Utica First cannot show, for example, "that earlier notice would have led to a substantively different result, such as a lower settlement figure or lower costs of defense." *Dundon*, 2026 U.S. Dist. LEXIS 27567, at \*38.

46.    Utica First's denial of coverage for Gregory and LPS for the Underlying Action was wrongful.

### Count I: Declaratory Judgment

47.    Frederick Mutual incorporates the allegations of the foregoing paragraphs of this Complaint as if set forth fully herein.

48.    "When an insurer assumes the defense of its insured, courts have recognized that the insurer may seek contribution or reimbursement from another party that also owed a duty to defend to the insured." *Allied World Surplus Lines Ins. Co. v. Climax Tech. Co., Ltd.*, 2025 U.S. Dist. LEXIS 132981, at *6 (E.D. Pa. July 14, 2025) (citing *Transp. Ins. Co. v. Pa. Mfrs. Ass'n Ins. Co.*, 641 F. Supp. 2d 406, 412 (E.D. Pa. 2008), *rev'd on other grounds*, 346 F. App'x 862 (3d Cir. 2009); *Nautilus Ins. Co. v. Westfield Ins. Co.*, No. 16-4634, 2017 U.S. Dist. LEXIS 158480, 2017 WL 4284153, at *6 (E.D. Pa. Sept. 27, 2017)).

49.    As such, Frederick Mutual has standing to seek a declaratory judgment as to Utica First's obligations under the Utica First Policies issued to LPS and insuring Gregory and LPS. *Id.* at *5.

50.    Upon information and belief, LPS purchased the Utica First Policies from Utica First.

51.    Upon information and belief, LPS paid Utica First premiums in exchange for the Utica Policies.

52.    Upon information and belief, he Utica Policies identify LPS as a named insured, and include Gregory as an insured because Gregory was an executive officer and/or member of LPS, and was acting in the scope of the executive officer and/or member during the incident at issue in the Underlying Action.

53.     Upon information and belief, the Utica First Policies provide coverage for Gregory and LPS in connection with the Underlying Action—i.e., the Utica First Policies obligated Utica First to defend and indemnify Gregory and LPS in the Underlying Action.

54.     Upon information and belief, the Utica First Policies provide coverage for Gregory and LPS in connection with the Underlying Action on a primary basis, rendering the Frederick Mutual Policy as excess to the Utica First Policies.

WHEREFORE, Plaintiff Frederick Mutual demands a declaratory judgment in its favor and against Utica First, declaring that Utica First had a primary duty to defend and indemnify Gregory and LPS for the Underlying Action under one or both of the Utica First Policies.

### Count II: Equitable Subrogation

55.     Frederick Mutual incorporates the allegations of the foregoing paragraphs of this Complaint as if set forth fully herein.

56.     Frederick Mutual paid $51,917.38 to provide for the defense and protect the interests of its insureds, Gregory and LPS as well as to protect its own interests.

57.     Frederick Mutual paid an additional amount in excess of $150,000.00 to settle the Underlying Action on behalf of Gregory and LPS.

58.     Frederick Mutual did not act as a volunteer because, among other reasons, it paid for the defense and settlement of the Underlying Action on behalf of Gregory and LPS under the reasonable and good-faith belief that it owed such obligations to Gregory and LPS under the Frederick Mutual Policy.

59.     Frederick Mutual was not primarily liable for the amounts it paid.

60.     Utica First was primarily liable for the amounts paid by Frederick Mutual on behalf of Gregory and LPS.

61.   Frederick Mutual has fully paid the amounts that it seeks by way of equitable subrogation in this action.

62.   Allowing subrogation will not cause injustice to the rights of others.

63.   To the contrary, allowing Frederick Mutual to recover from Utica First the amounts it paid on behalf of Gregory and LPS will advance the purpose of equitable subrogation, which is to "work[ ] out … an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it." *State Farm Fire & Cas. Co. v. CM Vantage Specialty Ins. Co.*, No. 21-1616, 2022 WL 717257, 2022 U.S. Dist. LEXIS 42390, at *27–28 (E.D. Pa. Mar. 10, 2022) (citation omitted); *see also Employers Ins. of Wausau v. Pa. Dep't of Transp.*, 865 A.2d 825, 833 (Pa. 2005) ("The doctrine of equitable subrogation is a means of placing the ultimate burden of a debt upon the one who in good conscience ought to pay it, and is generally applicable when one pays out of his own funds a debt or obligation that is primarily payable from the funds of another.") (quotations and citation omitted).

WHEREFORE, Plaintiff Frederick Mutual demands judgment in its favor and against Defendant Utica First in the amount to be determined at trial, but hereby alleged to be in excess of the jurisdictional and compulsory arbitration limits of this Court, together with interest, costs, and an award of such other and further relief as the Court deems just and appropriate.

Date: April 28, 2026

Hillary N. Ladov, Esq.
Ross G. Currie, Esq.
**McAngus Goudelock & Courie LLC**
2000 Market Street, Suite 2850
Philadelphia, PA 19103
(484) 406-4200
hillary.ladov@mgclaw.com
ross.currie@mgclaw.com